# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| PETER B. HUTTON,<br><br>Plaintiff,<br><br>vs.<br><br>JERALD L. NYHART,<br><br>Defendant. | CV-17-82-BU-BMM<br><br>**ORDER** |

Defendant/Counterclaimant Jerald L. Nyhart ("Nyhart") filed the following motions: (1) Motion in Limine (Doc. 44); and (2) Combined Motion for Permission to File Second Motion in Limine, and Second Motion in Limine (Doc. 108). Defendant/Counterclaimant Peter B. Hutton ("Hutton") opposes the Motions. The Court addresses both pending Motions.

## MOTION *IN LIMINE* LEGAL STANDARDS

A motion in limine constitutes "a procedural mechanism to limit in advance testimony or evidence in a particular area. *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). A motion in limine "reduces the likelihood that

1

unduly prejudicial evidence will ever reach the jury." *Jackson v. Cty. Of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) (*citing Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). District courts possess "wide discretion in considering a motion in limine." *Frost*, 218 F. Supp. 3d at 1133.

I.  **Motion in Limine (Doc. 44)**

Nyhart seeks to exclude the following evidence: (1) communications pursuant to Rules 402, 403, and 408; and (2) prior litigation in which Nyhart was involved, pursuant to Rules 402, 403, 404, and 608. (Doc. 44 at 1.) The Court addresses each argument in turn.

   1.  **Communication & Negotiation**

Hutton and Nyhart engaged in communication and negotiation beginning in fall of 2016. (Doc. 45 at 4.) These discussions concerned the Farm Lease, the payment of rent, and Side Letter Agreement. *Id.* at 5 (*citing* Ex 2; Ex 1, p 102:1-4).) These discussions occurred between the fall of 2016, and October of 2017. Nyhart filed his lawsuit in this Court on November 3, 2017. Nyhart seeks to exclude the negotiations and deposition testimony.

Rule 408 excludes compromise negotiations when offered "either to prove or disprove the validity or amount of a disputed claim or to impeach a prior inconsistent statement or contradiction[.]" Fed. R. Evid. 408(a). A litigant asserting a motion in limine under Rule 408 must demonstrate a "substantial showing" that

2

the communications were part of the attempts to settle the dispute. *United States v. Mirama Enterprises, Inc.,* 185 F. Supp. 2d 1148, 1156 (S.D. Cal. 2002). Offers made in exchange for a release of claims after the commencement of litigation must be excluded under Rule 408. *See Coleman v. Quaker Oats*, 232 F.3d 1271, 1290 (9th Cir. 2000). Statements made before a formal claim is filed are not made in furtherance of settlement and generally should be admitted. *See Cassino v. Reichhold Chem., Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987).

Nyhart asserts that the communications between the parties constituted "compromise communication." (Doc. 45 at 4.) The record demonstrates, however, that the communication between the parties constitutes prelitigation communication. These conversations reflect the parties' business negotiations before Nyhart filed his lawsuit on November 3, 2017. The purpose of Rule 408 serves to encourage the compromise and settlement of "existing disputes." *Josephs v. Pacific Bell*, 443 F.3d 1050, 1064 (9th Cir. 2006). Communications between the parties before Nyhart filed the lawsuit fall outside of the Rule 408 exclusion and purpose.

Nyhart's Motion in Limine concerning communications made before Nyhart filing the lawsuit with this Court on November 3, 2017 is therefore denied. Evidence of communications concerning the Farm Lease, payment of rent, and the

Side Letter Agreement is admissible. Nyhart's deposition testimony concerning the parties' negotiations is similarly admissible.

**2. Prior Litigation**

Nyhart next asserts that evidence of prior lawsuits in which Nyhart was a party proves inadmissible. (Doc. 45 at 9.) Nyhart argues that such evidence constitutes improper character evidence under Rule 404. *Id.* at 11. Nyhart further argues that such evidence is unfairly prejudicial under Rule 403. *Id.* Hutton asserts that his purpose in the use of prior litigation evidence involving Nyhart would be to demonstrate that Nyhart possesses knowledge and experience with real estate contracts. (Doc. 71 at 16.)

Rule 404 prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Further, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible to prove motive. A district court may exclude evidence if its probative value is substantially outweighed by the potential for "unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403.

Nyhart's involvement in prior litigation constitutes improper Rule 404(b) evidence. "As a general matter, unless the prior lawsuit[] [has] been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias." *Henderson v. Peterson*, 2011 U.S. Dist. LEXIS 76799, *5 (N.D. Cal. July 15, 2011). Nyhart's involvement in prior lawsuits, none of which Hutton alleges to have been fraudulent, does not prove distinguishable from the general rule that such evidence risks confusion. The prejudicial effect for such confusion outweighs Hutton's interest in demonstrating that Nyhart possesses knowledge of litigation experience with real estate contracts. Nyhart's motion in this regard shall be granted.

**II.   Nyhart's Combined Motion for Permission to File Second Motion in Limine and Second Motion in Limine (Doc. 108)**

Nyhart has moved for permission to file and grant his Second Motion in Limine. As an initial matter, the Court grants Nyhart's motion for permission to file his Second Motion in Limine. The Court evaluates in this Order the merits of Nyhart's second Motion in Limine.

Nyhart asserts that Hutton served, but failed to file, a "First Amended Initial Disclosure" on March 26, 2019. (Doc. 109 at 3.) Nyhart further asserts that Hutton served, but failed to file, a "Second Amended Initial Disclosure" on March 29, 2019. Hutton asserts a new "Computation of Damages" in these disclosures. Hutton's original computation of damages read "on the basis of one thousand

5

(1,000x) the amount of monthly rent being paid hereunder at the date of termination." Hutton alleges that this figure constitutes a scrivener's error and should instead read: "on the basis of one hundred times (100x) the amount of monthly rent being paid hereunder at the date of termination."

Nyhart first asserts that Hutton's untimely disclosure constitutes unfair prejudice. (Doc. 109 at 5.) Rule 26(a)(1) requires a party to provide an initial disclosure that identifies "a computation of each category of damages claimed by the disclosing party." *Id.* Hutton filed his initial disclosure on February 14, 2018 (Doc. 21.) This disclosure asserted the 1,000x increase in rent provision, and further asserted a claim for $7,951,000. Hutton failed to mention the alleged "scrivener's error" in the February 14, 2018 disclosure. Hutton first disclosed this alleged "scrivener's error" in his amended initial disclosure approximately five months after the close of discovery. Nyhart's inability to investigate and test this claim through the discovery process proves untimely and prejudicial.

Nyhart next asserts that Hutton's amended disclosures constitute an attempt to amend his complaint without leave of court or good cause. (Doc. 109 at 7.) Nyhart argues that Hutton's disclosure seeks to assert a reformation of contract claim. *Id.* Hutton's amended disclosure constitutes an attempt to engage the Court in a rewriting of the contract. Montana law provides the circumstances for which a contract may be reformed. *See* Mont. Code Ann. § 28-2-1611. Hutton has not pled

a claim for reformation of contract. Nyhart has not consented to any amended pleading pursuant to Fed R. Civ. P. 15(a). Hutton has further failed to seek leave to amend his Complaint. Any attempt by Nyhart to provide such a disclosure as an amended complaint proves improper and untimely.

## CONCLUSION

Nyhart's Motion in Limine regarding communications and negotiations between the parties before Nyhart his lawsuit with this Court on November 3, 2017 is denied. Hutton may present evidence of communications regarding the Farm Lease, payment of rent, and the Side Letter Agreement before November 3, 2017. Nyhart's deposition testimony concerning the parties' negotiations is similarly admissible. Nyhart's Motion in Limine is granted regarding evidence of Nyhart's involvement in prior litigation. Nyhart's Second Motion in Limine regarding Hutton's Amended Initial Disclosure is granted.

## ORDER

**ACCORDINGLY, IT IS ORDERED** that Nyhart's Motion in Limine (Doc. 44) is **GRANTED IN PART** with respect to evidence of Nyhart's involvement in prior litigation, and **DENIED IN PART** with respect to evidence of communications before November 3, 2017, including the Farm Lease, payment of rent, and Side Letter Agreement.

**IT IS FURTHER ORDERED** that Nyhart's Combined Motion for Permission to File Second Motion in Limine and Second Motion in Limine (Doc. 108) is **GRANTED**.

DATED this 7th day of June, 2019.

Brian Morris
United States District Court Judge